UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KALE FLAGG, | CIVIL ACTION NO. : |
| Plaintiff, | |
| versus | |
| | JUDGE: |
| DR. DENISE ELLIOT, WEST JEFFERSON MEDICAL CENTER, FOOT AND ANKLE CENTER, STRYKER CORPORATION, MEMOMETAL INC., USA, ABC INSURANCE COMPANY, DEF INSURANCE COMPANY, GHI INSURANCE COMPANY, JKL INSURANCE COMPANY, and MNO INSURANCE COMPANY | MAGISTRATE: |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL OF DEFENDANTS
STRYKER CORPORATION AND MEMOMETAL INC USA**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Stryker Corporation ("Stryker") and Memometal[1] Inc., USA ("Memometal"), with full reservation of any and all defenses, objections, and exceptions, hereby remove the above-captioned action from the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana to the United States District Court for the Eastern District of Louisiana, and respectfully represent:

1.  Plaintiff Kale Flagg ("Plaintiff") commenced this action against defendants Stryker, Memometal, Dr. Denise Elliot, West Jefferson Medical Center, Foot and Ankle Center, ABC Insurance Company, DEF Insurance Company, GHI Insurance Company, JKL Insurance Company, and MNO Insurance Company on or about December 9, 2013 in the Twenty-Fourth

---

[1] Throughout Plaintiff's pleadings, the entity is incorrectly named as "Memomental." Presumably this is a typographical error, as the company's name is correctly spelled "Memometal."

00242423

Judicial District Court for the Parish of Jefferson, State of Louisiana, Case No. 733-660 on the docket of said court.

2. Service of process was effected on Stryker on March 14, 2014, via certified mail under the Louisiana Long-Arm Statute. To date, service has not been effected on Memometal. Pursuant to 28 U.S.C. § 1446(a), a certified copy of the entire state court record is attached *in globo* as Exhibit A to this Notice of Removal.

3. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and removing Defendants Stryker and Memometal have satisfied the procedural requirements for removal.

4. As will be shown more fully below, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), as the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00, and there is complete diversity of citizenship between Plaintiffs and Defendants.

    **A.**    **Complete Diversity Of Citizenship Exists.**

5. Plaintiff alleges in his Petition that he is a resident of Orleans Parish, in the State of Louisiana. (Ex. A, Pet. at 1.) Accordingly, upon information and belief, Louisiana is the state of which plaintiff is a citizen.

6. Defendant Stryker is, and was at the time Plaintiff commenced this action, a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in the State of Michigan and therefore, is a citizen of Michigan for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

7. Defendant Memometal is, and was at the time Plaintiff commenced this action, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Tennessee and therefore, is a citizen of Delaware and Tennessee for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

8. Plaintiff alleges that Defendant Dr. Denise Elliot is domiciled in Louisiana. (Ex. A, Pet. at ¶1). Accordingly, upon information and belief, Louisiana is the state of which that defendant is a citizen.

9. Plaintiff alleges that Defendant West Jefferson Medical Center is domiciled in Louisiana. (Ex. A, Pet. at ¶2). Accordingly, upon information and belief, Louisiana is the state of which that defendant is a citizen.

10. Plaintiff alleges that Defendant Foot and Ankle Center is domiciled in Louisiana. (Ex. A, Pet. at ¶3). Accordingly, upon information and belief, Louisiana is the state of which that defendant is a citizen.

11. Although defendants Dr. Denise Elliot, West Jefferson Medical Center and Foot and Ankle Center are alleged to be domiciled in Louisiana, their citizenship must be disregarded by the Court because they are improperly joined.[2] *See Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001) (fraudulent joinder of a defendant will not operate to defeat diversity jurisdiction).

12. Under the improper-joinder doctrine, a court should disregard the citizenship of an in-state defendant where, as here, "there is no reasonable basis for predicting that plaintiffs might establish liability . . . against the in-state defendants." *Badon v. R J R Nabisco Inc.*, 224

---

[2] The term "improper joinder" is used interchangeably with "fraudulent joinder," as the Fifth Circuit has noted "there is no substantive difference between the two." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d, 568, 571, n.1 (5th Cir. 2004).

F.3d 382, 393 (5th Cir. 2000). Importantly, a mere theoretical possibility of recovery against a defendant is not enough to defeat removal. *Badon v. R J R Nabisco Inc*., 236 F.3d 282, 286 n.4 (5th Cir. 2000). Rather, an in-state defendant is improperly joined where there is not "arguably a reasonable basis for predicting that state law would allow recovery." *Id.* (emphasis omitted); *accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (affirming district court's finding of fraudulent joinder and recognizing that a "reasonable" basis to predict that plaintiff could prevail on his or her claims against the in-state defendants requires more than a "theoretical" basis).

13. There is no reasonable basis to predict that Plaintiff can prevail on her claims for negligence against the in-state defendants, Dr. Denise Elliot, West Jefferson Medical Center, and Foot Ankle Center, because those claims are governed by the Louisiana Medical Malpractice Act[3] ("LMMA" or the "Act") La. Rev. Stat. Ann. § 40:1299.41 *et seq.* (West 2014), which requires a plaintiff to submit a claim to a medical review panel before commencing suit in Louisiana state court.

14. The LMMA applies to "any unintentional tort or any breach of contract" brought against a "qualified health care provider." La. Rev. Stat. Ann. § 40:1299.41 (West 2014); *see also Richardson v. Advanced Cardiovascular Sys., Inc.*, 865 F. Supp. 1210, 1217-18 (E.D. La. 1994) (denying motion to remand, *inter alia*, because plaintiff had failed to first present his claims before the medical review board panel; the LMMA covers "virtually any breach of duty or contract causing injury or damage") (internal quotation marks and citation omitted).

---

[3] *See* Ex. B., *en globo*, Certificates of Enrollment from Louisiana Patient's Compensation Fund for Dr. Denise Elliot, West Jefferson Medical Center, and Foot and Ankle Center (The certificates for Dr. Elliot bear the spelling "Elliott" but this may be attributed to a typographical error in either the certificate or in plaintiff's pleading; the certificate for "Denise Lea Elliott" also shows that she is the doctor affiliated with the Foot and Ankle Center); *see also* Ex. A, State Court Pleadings, Defendants Dr. Denise Elliot and Foot and Ankle Center's Memorandum in Support of Exceptions, at 1, asserting that Dr. Elliot and Foot and Ankle Center were "at all pertinent times . . . Qualified Health Care Providers as defined by the Medical Malpractice Act."

15. The statute requires the submission of claims to a medical review panel for decision prior to filing suit in the district court. *See* La. Rev. Stat. Ann. § 40:1299.47 (West 2014). Claims covered by the Act that are not first brought before the medical review panel will be dismissed as premature. *See Richardson*, 865 F. Supp. at 1217 ("Louisiana courts have consistently found on those occasions in which a plaintiff brings a claim covered by the Act in a court action before the claim has been presented to a medical review panel under the Act, the plaintiff's claim must be dismissed as premature."). Accordingly, courts have found that healthcare provider defendants are improperly joined where a plaintiff has asserted malpractice claims against these entities without first filing a claim before a medical review panel. *See, e.g.*, *Daniels v. Touro Infirmary*, No. 11-1586, 2011 WL 6140869, at *2 (E.D. La. Dec. 9, 2011) (finding defendant hospital improperly joined and plaintiff's claims against the hospital premature because plaintiff failed to exhaust administrative remedies under the LMMA); *Jones v. Centocor, Inc.*, No. 07-5681, 2007 WL 4119054, at *1 (E.D. La. Nov. 15, 2007) (finding defendant doctor improperly joined because plaintiff failed to satisfy the statutory requirements in the LMMA before brining suit).

16. For example, in *Silvestrini v. Intuitive Surgical, Inc.*, No. 11-2704, 2012 WL 380283 (E.D. La. Feb. 6, 2012), the Court denied a motion to remand where a non-diverse hospital defendant had been improperly joined because plaintiff's negligence claims against it fell within the ambit of the LMMA and had not been presented to a medical review panel before the suit was commenced. *Id.* at *7-8 ("agree[ing] with defendants" that the hospital's "alleged failures in providing 'health care' or 'professional services' to [plaintiff] may be classified as malpractice within the meaning of the LMMA"); *see also, e.g.*, *Senia v. Pfizer, Inc.*, No. 06-1997, 2006 WL 1560747, at *3 (E.D. La. May 23, 2006) (doctor was fraudulently joined because

"Plaintiffs do not contest that they have not submitted their claims against Dr. Contreras for review to the medical review panel"); *Jones*, 2007 WL 4119054, at *1 ("Because the exhaustion of these administrative procedures is a prerequisite to maintaining suit against Dr. Wilson, the only in-state defendant, there is currently no reasonable basis to predict whether or not Jones has a viable action against him."); *Ellis v. Ethicon, Inc.*, No. 3:09-cv-00949-JJB-SCR, 2010 WL 1251640, at *4 (M.D. La. Feb. 19, 2010) (Because plaintiff had not filed a claim before a medical review panel, "the plaintiff had no possibility of recovery against the hospital defendants based on the facts as they stood at the time of removal" and they were therefore "improperly joined"), *report and recommendation adopted by* 2010 WL 1142045 (M.D. La. Mar. 24, 2010).

17. This case is no different. The gravamen of Plaintiff's negligence allegations against Dr. Denise Elliot, West Jefferson Medical Center, and Foot and Ankle Center is that: (1) Dr. Denise Elliot "violated the standard of care and was negligent in her surgeries, and/or in her delay in diagnosing and treating the complications due to the surgeries;" and (2) West Jefferson Medical Center and Foot and Ankle Center were negligent in hiring staff or employees who violated standards of care, and "failed to properly acquire and investigate the medical devices/implants used in their hospital and by their staff/employees." (Ex. A, Pet. at ¶¶ 14-16).

18. Because Plaintiff did not present these claims to a medical review panel before filing suit – as required under the LMMA – his claims against Dr. Denise Elliot, West Jefferson Medical Center, and Foot and Ankle Center have no reasonable possibility of success, and therefore, said defendants are improperly joined.

19. The citizenship of fictitiously named defendants ABC Insurance Company, DEF Insurance Company, GHI Insurance Company, JKL Insurance Company, and MNO Insurance Company is disregarded for the purposes of removal based on diversity of citizenship pursuant.

28 U.S.C. § 1441 (b) ("Removal based on diversity of citizenship.-- (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); s*ee also Kemp v. CTL Distribution, Inc.*, 440 F. App'x 240, 248 (5th Cir. 2011); *Maynard v. Target Corp.*, CIV.A.08-4796, 2010 WL 2464800 (E.D. La. June 4, 2010).

20.  Thus, the complete diversity requirement is satisfied.

B.  **The Amount-In-Controversy Requirement Is Satisfied.**

21.  In addition, the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

22.  Louisiana law prohibits a plaintiff from specifying a numerical dollar amount in the complaint. La. Code Civ. Proc. Art. 893A(1); *Earl v. Myers*, No. 10-1885, 2010 WL 4875656 (E.D. La. Nov. 23, 2010). Under the Fifth Circuit standard, a defendant may establish that the amount-in-controversy requirement is met by demonstrating that it is "facially apparent" that the claims exceed $75,000. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). In addition, a review of the Petition's allegations demonstrates, by a preponderance of the evidence, as required by the Fifth Circuit, that the $75,000 threshold is satisfied. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

23.  Plaintiff does not set forth a statement in the Petition that the damages sought are less than the requisite amount required to establish federal jurisdiction, as required by Article 893A(1) of the Louisiana Code of Civil Procedure, another consideration weighing in favor of finding that the "amount in controversy" requirement is satisfied. *See Sweeny v. Petco Animal Supplies, Inc.*, No. 09-6763, 2009 WL 4019755 (E.D. La. Nov. 19, 2009).

24. The monetary jurisdictional prerequisite to federal jurisdiction under 28 U.S.C. § 1332(a) is satisfied. Plaintiff alleges in the Petition that, as a result of an alleged defect with toe implants allegedly manufactured by Stryker and Memometal and implanted in Plaintiff, Plaintiff has undergone *three* surgeries on his toes (Ex. A, Pet. at ¶¶ 11-12) and continues to suffer "disfigurement, inability to walk properly, constant paint, mental anguish, and emotional distress," and seeks damages for same, as well as for medical expenses, lost wages, loss of service, society, and all other damages proven at trial. (Ex. A, Pet. at ¶¶17, 25) c*ompare with Stamps v. Dunham*, 2007-0095 at p.3 (La. App. 4 Cir. 9/19/07); 968 So.2d 739, 742 (awarding $65,000 in damages for just *one* toe revision surgery).

25. Plaintiff also demands a "trial by jury." (Ex. A, Pet. at 5). Under the Louisiana Code of Civil Procedure, a trial by jury shall not be available in a suit where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs. La. Code of Civ. Proc. art. 1732. Accordingly, Plaintiff avers that the amount in controversy is in excess of $50,000.

26. Based on the allegations of the Petition, including the complaint of severe and long-term injury, as well as Plaintiff's failure to plead that damages were less than the amount required for federal jurisdiction, it is facially apparent that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

### C. Procedural Requirements for Removal are Met.

27. Upon information and belief, service of process was effected on Stryker on March 14, 2014, via certified mail under the Louisiana Long-Arm Statute the Petition. To date, service has not been effected on Memometal. Accordingly, this Notice of Removal is timely filed

00242423                                                8

pursuant to 28 U.S.C. § 1446(b).  ("Each defendant shall have 30 days after receipt by or service on *that* defendant of the initial pleading or summons . . . to file the notice of removal.") (emphasis added).

28. The Twenty-Fourth Judicial District Court for the Parish of Jefferson is located within the Eastern District of Louisiana.  Therefore, venue is proper pursuant to 28 U.S.C. § 98(a) because it is the "district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).

29. While removals based on diversity jurisdiction ordinarily require the consent of all served parties and are improper where a "properly joined" defendant is a "citizen of the State in which such action is brought," *see* 28 U.S.C. § 1441(b), neither of these requirements applies here because defendants Dr. Denise Elliot, West Jefferson Medical Center, and Foot and Ankle Center were improperly joined.  *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

30. Consent to removal is not required from unserved fictitiously named defendants ABC Insurance Company, DEF Insurance Company, GHI Insurance Company, JKL Insurance Company, and MNO Insurance Company.  *Johnson v. Blann Tractor Co.*, CIV.A. 07-1009, 2007 WL 2403267 at *1 (E.D. La. Aug. 16, 2007), citing *Jones v. Houston Indep. School Dist.*, 979 F.2d 1004, 1007 (5th Cir.1992) ("consent to removal is not required from a defendant who has not been served.").

31. No previous application has been made for the relief requested herein.

32. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana.

WHEREFORE, Stryker and Memometal respectfully remove this action from the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana bearing Case No. 733-660, to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

**IRWIN FRITCHIE URQUHART & MOORE LLC**

BY: */s/ Meera U. Sossamon*
DOUGLAS J. MOORE (La. Bar No. 27706)
KELLY G. JUNEAU (La. Bar No. 30573)
MEERA U. SOSSAMON (La. Bar. No. 34797)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone:  (504) 310-2100
Fax: (504) 310-2101
dmoore@irwinllc.com
kjuneau@irwinllc.com
msossamon@irwinllc.com

*Counsel for Defendants Stryker Corporation and Memometal Inc., USA*

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2014, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Plaintiff's counsel, by United States Mail, postage prepaid

 /s/  Meera U. Sossamon